UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY WENZE,<br><br>        Plaintiff,<br><br>v.<br><br>HCMC LEGAL, INC., and HC2, INC, d/b/a HIRECOUNSEL,<br><br>        Defendants. | Hon. Paul G. Gardephe, U.S.D.J.<br>Case No.: 19-cv-663-PGG-GWG<br><br>**DEFENDANTS' ANSWER TO COMPLAINT & SEPARATE DEFENSES** |

Defendants HCMC Legal, Inc.. and HC2, Inc., d/b/a Hire Counsel (collectively "Hire Counsel" or "Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of answer to the Complaint filed by Plaintiff Mary Wenze ("Plaintiff"), state as follows:

**PRELMINARY STATEMENT**

1. Defendants admit that Plaintiff was hired in or around June 8, 2008, that during the course of Plaintiff's employment, that Plaintiff signed an agreement which provided severance pay in the event of termination without cause which was agreed to by HCMC and signed by then CEO, Lynn Mestel, that in 2017, HCMC hired Charlie Nelson as Chief Finacial Officer and he became Plaintiff's direct supervisor. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint and deny that Plaintiff is entitled to any damages.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint and deny that Plaintiff is entitled to any damages.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint and deny that Plaintiff is entitled to any damages.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint and deny that Plaintiff is entitled to any damages.

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

6. The allegations contained in Paragraph 6 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint, except to admit that Plaintiff purports to assert claims under FLSA, as amended by the EPA.

7. The allegations contained in Paragraph 7 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7 of the Complaint, except to admit that Plaintiff purports to assert claims under NYLL, NYCHRL and New York common law.

8. The allegations contained in Paragraph 8 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8 of the Complaint, except to admit that Plaintiff purports to assert claims under various laws alleging events that occurred within this District.

## COVERAGE UNDER FLSA

9. The allegations contained in Paragraph 9 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 14 of the Complaint.

### TRIAL BY JURY

15. The allegations contained in paragraph 15 of the Complaint are conclusions of law, which Defendants are not required to answer. Defendants do not request a Trial by Jury.

### PARTIES

16. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint and leave Plaintiff to her proofs.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

### STATEMENT OF FACTS

18. Defendants admit that Plaintiff was hired by HCMC in or about June 9, 2008 as a Chief Financial Officer but deny that Plaintiff's compensation consisted solely of her annual salary.

19. Defendants admit that in or about October 2013, HCMC hired a male CFO who had been working as a consultant, at a salary of $200,000. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff was demoted to Controller and decreased her salary to $140,000 per year. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff's salary was increased in 2014 and that she continued as Controller. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that in December 2014, HCMC hired Edward Imparato as CFO, that he is a male and that he was compensated at a higher salary than Ms. Wenze. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff singed an agreement which provided for severance pay in the event of termination without cause, that HCMC agreed to the agreement and that the CEO at the time, Lynn Mestel signed it. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that HCMC hired a new CEO, Joan Davison, and that soon thereafter HCMC hired Charlie Nelson to replace the CFO who had resigned. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants admit that Plaintiff was assigned to handle the corporate tax returns, and worked on the company's 401(k) program and ESOP. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the Complaint, and leave Plaintiff to her proofs.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants admit that the employment of some employees terminated in 2017 and 2018. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants admit that Plaintiff was terminated from employment in July 2018. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants admit that Ms. Wenze received a gift basket from HCMC's CEO. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants admit that in certain instances, Plaintiff submitted her request forms to Human Resources and lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint and leave Plaintiff to her proofs.

50. Defendants admit that Mr. Nelson requested that Ms. Wenze carbon copy him when submitting her forms. Except as so admitted Defendants deny the remaining allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants admit that Plaintiff was employed by HCMC for 10 years. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint and that Plaintiff is entitled to the relief requested or any relief at all.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### Gender Discrimination in Violation of the FLSA, as amended by the EPA

56. Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

57. The allegations contained in paragraph 57 of the Complaint are conclusions of law, which Defendants are not required to answer. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are conclusions of law, which Defendants are not required to answer. To the extent a response is deemed required, Defendants deny the allegations.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint and that Plaintiff is entitled to the relief requested or any relief at all.

### SECOND CAUSE OF ACTION
### Wrongful termination in Violation of the NYCHRL

63. Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

64. The allegations contained in paragraph 64 of the Complaint are conclusions of law, which Defendants are not required to answer. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint and that Plaintiff is entitled to the relief requested or any relief at all.

## THIRD CAUSE OF ACTION
### Breach of Contract in Violation of the New York Common Law

68. Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

69. Defendants admit that Plaintiff and HCMC entered into a contract which contained provisions regarding severance. Except as so admitted, Defendants deny the remaining allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

## FOURTH CAUSE OF ACTION
### Breach of Good Faith and Fair Dealing in Violation of New York Common Law

72. Defendants repeat and reassert each and every answer previously given as if set forth fully herein.

73. The allegations contained in paragraph 73 of the Complaint are conclusions of law, which Defendants are not required to answer. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 73 of the Complaint to the extent that Plaintiff seeks to assert that Defendants violated common law.

74. The allegations contained in paragraph 74 of the Complaint are conclusions of law, which Defendants are not required to answer. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. The allegations contained in paragraph 75 of the Complaint are conclusions of law, which Defendants are not required to answer. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

## AFFIRMATIVE & SEPARATE DEFENSES

Without assuming the burden of proof that would otherwise rest with Plaintiff, Defendants state the following defenses:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

All actions taken by Defendants regarding Plaintiff's employment were for legitimate, non-discriminatory reasons unrelated to Plaintiff's age and/or other protected classifications and constituted legitimate exercises of managerial prerogative.

### THIRD DEFENSE

Defendants maintained an effective anti-discrimination/anti-harassment policy, and exercised reasonable care to prevent and correct promptly any discriminatory behavior.

### FOURTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or otherwise to avoid harm.

### FIFTH DEFENSE

Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel, laches and/or unclean hands.

## SIXTH DEFENSE

Plaintiff's Equal Pay Act Claim is barred because any differential in pay was based upon merit, quantity or quality of production and/or factors other than sex.

## SEVENTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her own contributory and/or comparative fault.

## TENTH DEFENSE

Plaintiff's claims are barred by her own negligent and/or intentional acts and/or omissions.

## ELEVENTH DEFENSE

Plaintiff's conduct is the sole proximate cause of her damages, if any.

## TWELFTH DEFENSE

To the extent that Plaintiff seeks to recover under a theory of negligence or to recover for physical or emotional distress, such claim is barred by the exclusive remedy provisions of the New York Workers' Compensation Act.

### THIRTEENTH DEFENSE

The allegations of Plaintiff's Complaint are insufficient to entitle her to punitive damages.

### FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred because Defendants acted at all times in good faith to comply with all applicable anti-discrimination laws.

### FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages violates Defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New York.

### SIXTEENTH DEFENSE

Defendants are not liable to Plaintiff for punitive damages since Plaintiff cannot prove Defendants engaged in intentional discriminatory conduct with malice or with reckless indifference.

### SEVENTEENTH DEFENSE

The allegations of Plaintiff's Complaint are insufficient to entitle her to an award of attorneys' fees.

### EIGHTEENTH DEFENSE

Plaintiff's Equal Pay Act Claim is barred because she cannot establish a prima facie case of pay discrimination.

### RESERVATION OF RIGHTS

Defendants reserve the right to add additional Affirmative & Separate Defenses that may arise or become evidence during the course of this matter.

**WHEREFORE**, Defendants request judgment dismissing the Complaint against it with prejudice, together with their attorneys' fees and costs of suit.

        **OGLETREE, DEAKINS, NASH,**
        **SMOAK & STEWART, P.C.**
        Attorneys for Defendants HCMC Legal, Inc.. and
        HC2, Inc., d/b/a Hire Counsel


        s/ Jennifer Rygiel-Boyd__

Dated: April 15, 2019

38074822.1